IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THE ASSOCIATION OF AUTOMOTIVE AFTERMARKET DISTRIBUTORS, INC., an Illinois not-for-profit corporation, | ) ) ) ) ) |
| Plaintiff, | ) Civil Action No. 1:12-cv-323 |
| v. | ) Judge: Sandra S. Beckwith |
| UNIVERSAL AUTO PARTS PLUS, an Ohio corporation; | ) ) ) |
| Defendant. | ) |

[PROPOSED] FINAL JUDGMENT OF INJUNCTION UPON DEFAULT

This action for injunctive relief having been commenced by the filing of the complaint and issuance of a summons on April 24, 2012 (Doc. 1), and the summons and complaint having been served upon the Defendant, proof of that service having been filed in the office of the Clerk of this Court (Doc. 4); and the Defendant having failed to appear, answer or otherwise move with respect to the Complaint, and the time for such appearance and answer having expired; now, upon motion of Plaintiff (Doc. No. **), and pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Court finds and concludes as follows:

1. Plaintiff, the Association of Automotive Aftermarket Distributors, Inc., d/b/a PARTS PLUS, is an Illinois not-for-profit corporation having its principal place of business in Germantown, Tennessee.

2. Defendant, Universal Auto Parts Plus, is a business located at 4320 Hamilton Trenton Road, Hamilton, Ohio 45011.

1

3. This is an action for trademark infringement, false designation of origin, dilution, unfair competition and passing off, and deceptive trade practices in violation of the laws of the United States and the State of Ohio.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. § 1121(a) over the claims brought pursuant to the Lanham Act, 15 U.S.C. § 1121, *et seq.* Jurisdiction over the claims brought under state common law is conferred pursuant to 28 U.S.C. §§ 1338(b) and 1367(a). Venue is proper pursuant to 28 U.S.C. § 1391(b) in that the Defendant resides in this judicial district.

5. Plaintiff is the owner of the trademark PARTS PLUS for distributorship services in the automotive parts field (Reg. No. 1,151,983), and has used the PARTS PLUS trademark to identify the source of automotive parts distributorship services since at least 1977. Plaintiff owns a number of other federal trademark registrations of PARTS PLUS for a large variety of automotive parts.

6. Commencing at a time long subsequent to the first use of the PARTS PLUS marks by Plaintiff, Defendant began using the mark UNIVERSAL AUTO PARTS PLUS in connection with its sale and distribution of automotive repair parts from its Ohio facility. Both Plaintiff's licensees and sublicensees, and Defendant, sell automotive replacement products under their respective marks to professional installers of said parts and to do-it-yourselfers. This use was without permission or authorization from Plaintiff, and Defendant declined to acquiesce to requests to cease and desist from use of UNIVERSAL AUTO PARTS PLUS.

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant Universal Auto Parts Plus, its owners, officers, employees, agents, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or participation with or under authority of or from them are hereby permanently enjoined and restrained from:

    a. any use of the designations "PARTS PLUS" and "Universal Auto Parts Plus," and of any other colorable imitation of Plaintiff's mark, to include company name, logo, phone directory listings, delivery vehicles, physical signage, internet domain names, websites, phone answering services or advertising materials, in connection with the provision of distribution of automotive parts, automotive parts sales, automotive parts acquisitions, automotive parts inventorying, automotive parts searching, automotive service, automotive salvage and disassembly, or the like; and

    b. representing or passing off by words or implication that it and/or any company with which it is involved is affiliated or associated with, or sponsored or authorized by, Plaintiff and/or its associated entities;

2. Plaintiff is authorized to re-direct Defendant Universal Auto Parts Plus' telephone number 513-859-3334 for so long as Plaintiff desires to re-direct calls to such number.

3. Plaintiff is hereby awarded its attorneys' fees and costs incurred in prosecuting this action. Plaintiff is directed to submit within ten (10) days of the entry of this Order a declaration setting out in detail the attorneys' fees and costs incurred by Plaintiff in connection with this matter.

IT IS SO ORDERED.

Dated this 27TH day of June, 2012.

*Sandra S. Beckwith* (signature)

Sandra S. Beckwith
Judge, United States District Court